```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION

STEPHEN ANDREW MORETTO,

       Plaintiff,

v.                              Case No:   2:21-cv-454-JES-NPM

CENTURION OF FLORIDA,
DEETTA MARTORANA, and
AMANDA NEVIN,

       Defendants.
_____
```

## OPINION AND ORDER

Before the Court are Defendants Centurion of Florida, D. Martorana, and A. Nevin's Motion to Dismiss Plaintiff's Complaint (Doc. #20) and Plaintiff Stephen Moretto's Response (Doc. #27).

**I.   Background**

Moretto is a prisoner of the Florida Department of Corrections (FDOC) and was incarcerated at the DeSoto Correctional Institution during the events alleged in his Complaint. Centurion provides medical care at DeSoto C.I., and it employed Martorana as a dental assistant and Nevin as a dentist. Moretto sues Defendants for deliberate indifference to a serious medical need. The Court recounts the allegations as pled in Moretto's Complaint, which the Court must accept as true when considering Defendants' Motion. See Chandler v. Sec'y Fla. Dep't of Transp., 695 F.3d 1194, 1198-99 (11th Cir. 2012).

On April 27, 2018, Moretto submitted a request for treatment of painful cavities in his bottom teeth. He had a dental appointment on July 9, 2018, but instead of filling the cavities, dental staff wanted to pull Moretto's upper teeth. Moretto declined extraction and complained that his bottom teeth hurt. Dental staff refused to give Moretto anything for the pain and told him to submit another sick call request. Moretto submitted requests on July 10, 2018, August 10, 2018, and September 1, 2018, but received no response. On September 3, 2018, Moretto submitted a grievance about the lack of treatment and received no response.

Moretto submitted another sick call request on October 3, 2018. He had a dental appointment on October 15, 2018. Dental staff again offered to extract Moretto's upper teeth but refused to treat his bottom teeth. Moretto said he had four outstanding sick call requests for his bottom teeth, and Martorana responded that his grievances slow down the process. Moretto again declined extraction of his upper teeth.

On October 18, 2018, Moretto submitted another grievance, which was denied. On administrative appeal, Senior Dentist Peter Jurkash explained that Moretto's treatment plan called for extraction of his non-restorable teeth, and when Moretto refused extraction, he was put back in rotation to have his teeth cleaned. Moretto claims Martorana took him off the list.

On October 25, 2018, Moretto submitted an inmate request seeking repair of his bottom teeth. Martorana responded by stating that Moretto refused all treatment—rather than just the extraction of the non-restorable teeth—and instructed Moretto to submit a sick call request if he was in pain. Moretto submitted a grievance against Martorana on December 8, 2018.

On December 20, 2018, Moretto had a dental appointment with Nevin, who had just started working at DeSoto C.I. Moretto again refused extraction of his upper teeth and asked when his bottom teeth would be restored. Nevin told Moretto to put in another request. Moretto did so the next day and believed he was placed on the restoration waiting list. On June 14, 2020, Moretto submitted an inmate request asking if he was still on the restoration list, and a dental assistant responded that he was.

On June 24, 2020, Moretto submitted a grievance over the delay of treatment. The response indicated Moretto was taken off the wait list when he refused extractions in October and December 2018, and was put back on the list on June 16, 2020. Moretto submitted a grievance on July 20, 2020, complaining about his removal from the wait list.

On October 1, 2020, Moretto requested extraction of an upper tooth. Nevin saw Moretto on October 6, 2020. She did not "feel good" about extracting the top tooth but mitigated the pain with alternative treatment. (Doc. #1 at 9). Moretto asked when his

bottom teeth would be addressed, and Nevin stated Moretto had been removed from the wait list because he refused treatment.

Moretto submitted dental sick call requests for his bottom teeth on October 20 and November 2, 2020, but got no response. He submitted a grievance against Nevin on November 9, 2020. Nevin responded that per DeSoto C.I.'s rules, Moretto was "taken off" the treatment plan when he refused the recommended treatment on April 4, 2019, and his chart indicated there was "no other treatment to do." (Doc. #1-16). Moretto submitted an inmate request about his bottom teeth on January 20, 2021. The response stated his treatment was "completed" on April 4, 2019, he had to wait a year to get a new treatment plan, and he was back on the wait list. (Doc. #1-17).

Moretto submitted a sick call request on January 22, 2021. Five days later, he saw a new dentist, who said his bottom middle tooth was non-restorable. Moretto blames Defendants for the worsening condition of his teeth and seeks compensatory, punitive, and nominal damages.

## II. Legal Standard

When considering a motion to dismiss under Rule 12(b)(6) courts must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The preferential standard of review, however, does not let all pleadings adorned

with facts survive to the next stage of litigation. The Supreme Court has been clear on this point—a district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. See Iqbal, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. Twombly, 550 U.S. at 555.

Moretto files his Complaint under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing Arrington v. Cobb Cnty., 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1059 (11th Cir. 2001).

**III. Discussion**

In Estelle v. Gamble, the Supreme Court established that the "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." 429 U.S. 97, 104 (1976). But not every claim of inadequate medical treatment gives rise to an Eighth Amendment violation. Id. at 105. However, negligence in diagnosis or treatment—even if it constitutes medical malpractice—does not necessarily violate the Constitution. Id. at 106.

"To prevail on a claim of deliberate indifference to serious medical need in violation of the [Eighth] Amendment, a plaintiff must show: '(1) a serious medical need; (2) the defendant['s] deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." Youmans v. Gagnon, 626 F.3d 557, 563 (11th Cir.2010) (quoting Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1306-07 (11th Cir. 2009)). In the Eleventh Circuit, "[a] serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" Shaw v. Allen, 701 F. App'x 891, 893 (11th Cir. 2017) (quoting Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003)).

"In certain circumstances, the need for dental care combined with the effects of not receiving it may give rise to a sufficiently serious medical need to show objectively a substantial risk of serious harm." Farrow v. West, 320 F.3d 1235, 1243-44 (11th Cir. 2003). "Severe pain that is not promptly or adequately treated can…constitute a serious medical need depending on the circumstances." Melton v. Abston, 841 F.3d 1207, 1222 (11th Cir. 2016).

Moretto alleges he had painful cavities in his bottom teeth that went completely untreated for more than two years. Not only did that lack of treatment leave Moretto in pain, but a dentist determined in January 2021 that one tooth was non-restorable. Moretto has plausibly pled a serious medical need. And the Court can reasonably infer that the delay in dental treatment caused Moretto's teeth to become so damaged that at least one became non-restorable. Moretto has sufficiently pled the serious-medical-need and causation elements of an Eighth Amendment claim.

Defendants argue Moretto caused the delay in treatment by repeatedly refusing the only treatment available—extraction. The evidence might ultimately support that argument. For example, if the dental care providers believed Moretto's bottom teeth were non-restorable in April 2018, Moretto's refusal to allow extraction will be fatal to his claim. Moretto cannot succeed in this action merely because he disagreed with the judgment of the

dental professionals. But at this stage of the case, the Court is merely testing the sufficiency of Moretto's Complaint, and it must make all reasonable inferences in Moretto's favor. Defendants may raise this argument on summary judgment or at trial.

The Court turns to the remaining element—deliberate indifference. Deliberate indifference has three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011) (internal quotation marks omitted). "Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." Id. A delay in treatment can constitute deliberate indifference, "though the reason for the delay and the nature of the medical need is relevant in determining what type of delay is constitutionally intolerable." McElliott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999). The Court must evaluate Moretto's claims of deliberate indifference against each Defendant separately, based on what each Defendant knew. See Melton, 841 F.3d at 1224.

### A. Martorana

According to Moretto's Complaint, Martorana was present for Moretto's dental appointments on July 9, 2018, and October 15, 2018. On both occasions, Moretto complained he had painful

cavities in his bottom teeth, and Martorana declined to treat Moretto's cavities or the pain they caused. Moretto also accuses Martorana of taking him off the wait list for restorative dental care, further delaying treatment. Moretto has plausibly alleged that Martorana was deliberately indifferent to the cavities and pain in his bottom teeth.

### B. Nevin

Moretto had his first appointment with Nevin on December 20, 2018. Moretto told Nevin he had cavities in his bottom teeth and that he had been waiting nine months for treatment. Nevin told Moretto to submit another request, which Moretto did the next day. But Nevin later stated in response to a grievance that Moretto was not put on the wait list for restorative treatment until June 16, 2020. Nevin saw Moretto again on October 6, 2020. She treated Moretto's upper teeth, but she did nothing for his bottom teeth. Moretto has plausibly pled that Nevin was deliberately indifferent to Moretto's need for treatment of his cavities.

### C. Centurion

Centurion is a private company that provides healthcare to inmates at DeSoto C.I. under contract with FDOC. As such, Centurion "is treated as a municipality for purposes of § 1983 claims." Brennan v. Headley, 807 F. App'x 927, 937 (11th Cir. 2020). Centurion can only be liable if "the alleged constitutional harm is the result of a custom or policy." Id. "A

policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality, and a custom is a practice that is so settled and permanent that it takes on the force of law." Id. (cleaned up).

Moretto partly blames Centurion policy for the delay in treatment. He claims Centurion "maintain[s] a Fl. DOC policy on routine treatment that says you have to wait six months before your first appointment and then only reciving [sic] ex-rays [sic] then waiting again on dental list for two to three months on second visit, only cleaning then, waiting again before any restoration of teeth are given." (Doc. #1-1 at 1). Moretto submitted with his Complaint part of the relevant FDOC policy, which is codified as Fla. Admin. Code § 33-402.101. But Moretto' characterization of the policy is inaccurate.

Fla. Admin. Code § 33-402.101 requires that inmates receive a dental examination to determine his dental needs no later then seven days after incarceration at a reception center. Fla. Admin. Code § 33-402.101(4). It divides dental care into four levels. Level III care, which includes X-rays, teeth cleaning, and permanent fillings, is only available to inmates with six months of more of continuous FDOC incarceration time. Id. at (7)(b). But the policy requires dental clinics to hold daily sick call

when a dentist is available to treat urgent issues, including tooth pain.  Id. at (2)(b).

Moretto specifically points to another part of § 33-402.101. He claims the policy allowed him to refuse extraction without waiving his right to restorative treatment.  He alleges Centurion failed to train Martorana and Nevin on this rule.  But Moretto's understanding of the policy is not quite accurate.  § 33-402.101(5)(c) provides that an "inmate may refuse specific dental examinations and treatments" without waiving "his…right to subsequent dental care."  The policy does not allow an inmate to override the judgment of a dental professional by refusing one treatment and demanding an alternative treatment that he prefers. Even taking Moretto's allegations as true, Defendants did not violate subsection (5)(c).  Each time Moretto refused extraction, then requested other care, dental staff put him back on the wait list and eventually offered subsequent treatment.

No part of Fla. Admin. Code § 33-402.101 could have plausibly caused the delay in treatment of Moretto's bottom teeth, and Moretto has not identified any other policy or custom.  The Court will thus dismiss Moretto's claim against Centurion.

Accordingly, it is hereby

**ORDERED:**

Defendants Centurion of Florida, D. Martorana, and A. Nevin's Motion to Dismiss Plaintiff's Complaint (Doc. #20) is **GRANTED in part and DENIED in part.**

(1) Moretto's claim against Centurion of Florida is **DISMISSED without prejudice.**

(2) Martorana and Nevin must answer Moretto's Complaint within **14 days** of this Order.

**DONE and ORDERED** at Fort Myers, Florida, this __21st__ day of March 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1

Copies:
Counsel of Record